## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIMMY AVALOS, individually and on behalf of all others similarly situated,** 413 East Avenue D  Robstown, TX 78380 <br><br>                      Plaintiff, <br><br>v. <br><br>**SIG SAUER, INC.**, 72 Pease Boulevard Newington, NH 03801 <br><br>                      Defendant. | Case No.: 2:25-cv-451 <br><br>**CLASS ACTION COMPLAINT** <br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jimmy Avalos ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following for his Complaint against Sig Sauer, Inc., ("Sig Sauer", or "Defendant") and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit as an individual who purchased Defendant Sig Sauer's Romeo 5 Red Dot firearm sight (hereafter, "Product(s)" "Sight" or "Romeo 5"), for normal use.

2. Unfortunately, the Products are defective and subject to recall because the cell batteries pose a potential ingestion hazard to children and pets.[1]

3. The products include the Romeo 5 Red Dot firearm sight with model numbers SOR52001

---

[1] https://www.cpsc.gov/Recalls/2025/SIG-SAUER-Recalls-ROMEO5-Red-Dot-Firearm-Sights-Due-to-Ingestion-Hazard-Violations-of-Reeses-Law-Federal-Safety-Regulations-for-Consumer-Products-with-Button-Cell-Batteries-and-Child-Resistant-Button-Cell-Battery-Packaging

and 7400579, which is a part included with SORJ53101. They are labeled with the SIG SAUER logo and ROMEO5 name on one side of the product.[2]

4. Each of the Products is manufactured, distributed, marketed, and sold by Defendant to consumers across the United States at major retail outlets such as Bass Pro Shops as well as large online vendors such as Amazon.

5. The Product is defective because the sight is powered by a small button cell battery that can be easily accessed by children posing an ingestion hazard.

6. The packaging failed to provide an adequate warning of this potential hazard to consumers.

7. Plaintiff purchased the Product, while lacking the knowledge that the Product was defectively designed and posed a hazard to his minor children and pets.

8. Because Plaintiff was injured by the Product, along with all consumers that purchased this dangerous product, they have suffered losses.

9. As a result of the above losses, Plaintiff seeks damages and equitable remedies.

## PARTIES

10. Plaintiff Jimmy Avalos is a resident of Robstown, Texas. He purchased a Sig Sauer Romeo 5 Red Dot Sight for personal use.

11. Defendant, Sig Sauer, Inc., is a Delaware Corporation and is headquartered in New Hampshire. The defendant designs, manufactures, markets and sells firearm-related products, including the Romeo 5 Red Dot Sight, nationwide. The Defendant does business in Pennsylvania and is registered as a Foreign Corporation with the State of Pennsylvania listing Cogency Global, Inc. as its Registered Agent within the State of Pennsylvania.

---

[2] *Id.*

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 putative class members in the proposed class, and there is minimal diversity because Plaintiff and Defendant are citizens of different states.

13. This Court has personal jurisdiction over the Defendant because the Defendant has also purposefully availed itself of the laws, rights, and benefits of the State of Pennsylvania. *See:* Mallory v. Norfolk Southern Railway Co., 143 S.Ct. 2028, 600 U.S.122, 216 L.Ed. 815 (2023).

14. This Court has personal jurisdiction over Defendant because Defendant has substantial aggregate contacts with this District, including engaging in conduct in this District that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, and because they purposely availed themselves of the laws of the United States and Pennsylvania and have caused its products to be disseminated in this District.

15. Venue in this District and Court is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the conduct or omissions giving rise to Plaintiff's claims occurred in this District, Sig Sauer transacts business in this District, and Defendant has intentionally availed itself of the laws and markets within this District.

**FACTUAL ALLEGATIONS**

16. This Class Action arises from Defendant Sig Sauer Inc.'s design, manufacturing, marketing, and distribution of the Romeo 5 Red Dot firearm sight with model numbers SOR52001 and 7400579, which is a part included with SORJ53101.

3

17. Sig Sauer is a weapons manufacturing company that originated in Germany and its American branch, Sig Sauer, Inc., produces firearms and related products within the United States.

18. Sig Sauer manufactured and sold the Romeo 5 Red Dot Sight from February 2023 to December 2024.[3]

19. The Red Dot Sight is available for purchase within the United States and is manually fixable to the consumer's firearm.

20. The Sight uses a red dot at the viewpoint's center to provide a target for the user.

21. The "Red Dot" is powered by a small button cell battery.

22. The button cell batteries can be easily accessed by children posing an ingestion hazard.

23. Ingesting these batteries can cause significant injuries, including death, which poses a grave risk of harm to gun owners' children and pets.

24. The packaging of the product fails to include adequate warnings for these risks.

25. The Sight's button cell battery is not enclosed in child-resistant packaging.

26. As such, the product contains a significant defect: it allows easy access to its button cell battery, posing severe hazards in violation of federal safety laws and regulations. This includes, but is not limited to, violating Reese's Law, 16 CFR Part 1263, 16 CFR 1700.15 and 16 CFR 1263.4.

27. The Defendant marketed the Romeo 5 without adequate safety warnings, failing to disclose the significant risks associated with defective packaging.

28. The defective product was sold at major retailers and online platforms, to law enforcement agencies including those in Pennsylvania through Pennsylvania distributors, as well

---

[3] *Id.*

as directly on its own website. Indeed, the Defendant promotes the ease of replacing the battery as a feature of the product[4]. As such, consumers reasonably relied upon the Defendant's implied representation regarding its safety.

29.　Upon information and belief, the Sight's price ranged from $130-$200. Plaintiff purchased multiple Sights within the last year from vendors such as Amazon, Bass Pro and Optics Planet. Plaintiff used the product in the manner in which it was intended to be used.

30.　Upon information and belief, 230,000 of these Sights, including thousands sold in Pennsylvania, have been recalled[5] because they were not properly packaged with child restraint packaging and do not bear the required warnings[6].

31.　The Plaintiff has two minor children and two dogs that were exposed to this ingestion hazard.



---

[4] https://www.sigsauer.com/romeo5-1x20-mm.html
[5] https://www.newsweek.com/sig-sauer-recalls-red-dot-firearm-sights-ingestion-hazard-2013685
[6] https://www.cpsc.gov/Recalls/2025/SIG-SAUER-Recalls-ROMEO5-Red-Dot-Firearm-Sights-Due-to-Ingestion-Hazard-Violations-of-Reeses-Law-Federal-Safety-Regulations-for-Consumer-Products-with-Button-Cell-Batteries-and-Child-Resistant-Button-Cell-Battery-Packaging

**Sig Sauer's Misrepresentations and Omissions are Actionable**

32. Plaintiff bargained for a Product that was safe to use. Defendant's design exposed minor children and pets to a safety hazard. As a result of the ingestion risk, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that Defendant sold them a product that could easily expose minor children and pets to significant injuries and possibly death if they ingested the button cell battery. This dangerous ingestion risk inherent to the Sight renders them unmerchantable and unfit for their normal intended use.

33. The Products are not fit for their intended use by humans as they expose consumers to an ingestion hazard. Plaintiff is further entitled to damages for the injury sustained in being exposed to such danger, damages related to Defendant's conduct, and injunctive relief.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. Plaintiff bought multiple Romeo 5 Sights for personal use.

35. On the date of the Products' recall by Sig Sauer, January 8, 2025[7], Plaintiff was in possession of Defendant's product. Plaintiff intended to purchase a Product that would be safe for normal use but instead was sold a dangerous ingestion hazard jeopardizing the safety of his children and pets.

36. If Plaintiff had been aware of the risk that ingestion of the easily accessible batteries posed to children and pets in the Products, he would not have purchased the Product or would have paid significantly less.

37. As a result of Defendant's actions, Plaintiff has incurred damages.

---

[7] https://www.cpsc.gov/Recalls/2025/SIG-SAUER-Recalls-ROMEO5-Red-Dot-Firearm-Sights-Due-to-Ingestion-Hazard-Violations-of-Reeses-Law-Federal-Safety-Regulations-for-Consumer-Products-with-Button-Cell-Batteries-and-Child-Resistant-Button-Cell-Battery-Packaging

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals who purchased the Sig Sauer Romeo 5 Red Dot Sight in the United States between February 2023 and December 2024, pursuant to Rule 23(b)(1), (b)(2), and (b)(3), of the Federal Rules of Civil Procedure.

39. The Class that Plaintiff seeks to represent is defined as follows:

**Nationwide Class: All individuals who purchased a Sig Sauer Romeo 5 Red Dot Sight Models SOR52001 and SOR 7400579 in the United States from February 2023 through December 2024.**

40. Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified. The proposed class satisfies the requirements of Rule 23 of the Federal Rules of Civil Rules of Civil Procedure as follows:

41. Numerosity: The members of the Classes are so numerous that joinder of all members is impracticable, if not completely impossible. Upon information and belief, over 230,000 units of the product were sold and recalled nationwide.

42. Commonality: There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

    a. whether Sig Sauer's advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Sig Sauer's Products;

    b. whether Sig Sauer made representations regarding the safety of the Products;

    c. whether Sig Sauer omitted material information regarding the safety of the Products;

7

       d. whether Sig Sauer Products were merchantable;

       e. whether Sig Sauer violated the consumer protection statutes invoked herein; and

       f. whether Sig Sauer was unjustly enriched by sales of the Products.

43. The questions set forth above predominate over any questions affecting only individual persons concerning sales of Sig Sauer's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of Plaintiff's claims.

44. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class as Plaintiff and all Class members were harmed by the same defective product.

45. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and litigation, and Plaintiff intends to prosecute this action vigorously.

46. <u>Superiority and Manageability</u>: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit many Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a

complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

47. The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

48. The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

49. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

50. Unless a Class-wide injunction is issued, Defendant may continue in its failure to sell this, or similar products with a defective design and without adequate warning.

51. Further, Defendant has acted on grounds that apply generally to the Classes as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class- wide basis.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment
### (On Behalf of the Class)

52. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

53. The defendant unjustly retained profits from the sale of defective products, depriving Plaintiff and the Class of the benefits of their bargain.

54. As a direct and proximate result of the Defendant's conduct, Plaintiff and Class Members suffered injuries. As such, Plaintiff and Class Members are entitled to full refunds, restitution, and/or damages from Defendant and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

### COUNT II
### Breach of Express Warranty
### (On Behalf of the Class)

55. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

56. Plaintiff, and each member of the Classes, formed a contract with Defendant at the time they purchased the Products.

57. The terms of the contract include the promises and affirmations of fact made by Defendant on the Products' packaging and through marketing and advertising.

58. This labeling, marketing, and advertising constitute express warranties and became

part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Classes and Defendant.

59. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is safe for its intended use.

60. Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Products.

61. Defendant breached express warranties relating to the Products and their qualities because Defendant's Product possessed the possibility to of an ingestion hazard, even when correctly used, at the time of purchase and the Products do not conform to Defendant's affirmations and promises described above.

62. Plaintiff and each member of the Classes would not have purchased the Products had they known the true nature of the risk of using the Product.

63. As a result of Defendant's breach of warranty, Plaintiff and each Class Member suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT III
### Breach of Implied Warranty
### (On Behalf of the Class)

64. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

65. Defendant is a merchant and was at all relevant times involved in the manufacturing, distributing, warranting, and/or selling of the Products.

66. The Products are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Products, as goods, were purchased.

67. Defendant entered into agreements with retailers to sell its Products to be used by Plaintiff and Class Members for personal use.

68. The implied warranty of merchantability included with the sale of each Product means that Defendant guaranteed that the Products would be fit for the ordinary purposes for which batteries are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, and Plaintiff and the Class Members.

69. Defendant breached the implied warranty of merchantability because the Products are not fit for their ordinary purpose of providing reasonably reliable and safe operation for users because the Products have a risk of children and pets ingesting a button cell battery. Therefore, the Products are not fit for their particular purpose.

70. Plaintiff and the Class Reasonably relied on the Defendant's implied warranty when purchasing the Romeo 5 Red Dot Sight.

71. Had Plaintiff, Class Members, and the consuming public known that the Products could design would expose minor children or pets to an ingestion hazard, they would not have purchased the Products or would have paid less for them.

72. As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

### COUNT IV
### Strict Liability – Failure to Warn
### (On Behalf of the Class)

73. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

74. Defendant had a duty to warn Plaintiff and the Class Members regarding the Defect and the true risks associated with the Products.

75. Defendant was in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

76. Defendant failed to provide adequate warnings regarding the risks of the Products after knowledge of the Defect was known only to them.

77. Defendant had information regarding the true risks but failed to warn Plaintiff and members of the Classes to strengthen their warnings.

78. Despite their knowledge of the Defect and obligation to unilaterally strengthen the warnings, Defendant instead chose to actively conceal this knowledge from the public.

79. Plaintiff and members of the Classes would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the Defect and the risks of purchasing the Products.

80. This Defect proximately caused Plaintiff's and Class Members' damages.

81. The Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT V
### Strict Liability – Design Defect
**(On Behalf of the Class)**

82. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

83. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class,

13

84. The design of the Products was defective and unreasonably dangerous.

85. The risk posed by the Sight's ease of accessibility to the cell button battery posed an ingestion hazard to minor children and pets.

86. The design of the Products rendered them not reasonably fit, suitable, or safe for their intended purpose.

87. The risks associated with the Products outweighed the benefits and rendered the Products unreasonably dangerous.

88. There are other Products and other Red Dot Sights designed so that their battery access does not pose an ingestion risk, meaning that there were other reasonable alternative designs and means of production available to Defendant.

89. The Products were unreasonably unsafe, and the Products should have had stronger and clearer warnings or should not have been sold in the market.

90. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VI
### Negligent Failure to Warn
### (On Behalf of the Class)

91. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

92. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

93. Defendant owed Plaintiff and Class Members a duty of care and to warn of any risks associated with the Products.

94. Defendant knew or should have known of the defect but failed to warn Plaintiff and members of the Classes.

95. Plaintiff had no way of knowing of the Product's latent defect as an ordinary consumer would pose an ingestion hazard to his children and pets.

96. Defendant's breach of duty caused Plaintiff and Class Members economic damages and injuries.

97. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VII
### Negligent Design Defect
### (On Behalf of the Class)

98. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

99. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

100. Defendant owed Plaintiff and the Classes a duty to design the Products in a reasonable manner.

101. The design of the Products was defective and unreasonably dangerous, causing a safety hazard whereby minor children and pets could have ingested the cell button batteries suffering injury.

102. The design of the Products caused them to be not fit, suitable, or safe for their intended purpose. The dangers of the Products outweighed the benefits and rendered the products unreasonably dangerous.

15

103. There are other Red Dot Sights whose design does not pose this safety risk.

104. The risk/benefit profile of the Products was unreasonable, and the Products should have had stronger and clearer warnings or should not have been sold in the market.

105. The Products did not perform as an ordinary consumer would expect.

106. The Defendant's negligent design of the Products was the proximate cause of damages to the Plaintiff and the Class Members.

107. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VIII
### Negligence
### (On Behalf of the Class)

108. Plaintiff incorporates the allegations set forth above as though set forth fully herein.

109. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

110. Defendant owed a duty to consumers to produce a product that was safe for its intended use.

111. Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known the Red Dot Sight's design made the button cell batteries easily accessible by minors.

112. As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

113. Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that a poorly designed battery cap would cause injury if the battery was ingested if accessed by a child.

## COUNT IX
### Violation of a Federal Regulation
### (On Behalf of the Class)

114. Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

115. Defendant was required to utilize packaging that meets the requirements of Reese's law, 16 CFR § 1263.4, and 16 CFR § 1700.15 when any button cell or coin battery is sold, offered for sale, manufactured for sale, distributed in commerce, or imported into the United States, or included separately with a consumer product sold, offered for sale, manufactured for sale, distributed in commerce, or imported into the United States.

116. The defendant failed to provide child resistant packaging and required safety warnings for the Romeo 5 Red Dot Sight.

117. Defendant was aware of applicable federal safety regulations and failed to comply with them.

118. Defendant's breach of duty caused harm to the Plaintiff and Class. Such failure to comply with federal safety regulations constituted a reckless indifference for the rights and safety of Plaintiff and the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully request that the Court enter judgment in his favor and against Defendant as follows:

A. For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Classes and Plaintiff's attorneys as Class Counsel;

B. For an order declaring the Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all claims in this Complaint and of any and all issues in this action so triable as of right.

Dated: January 29, 2025

Respectfully submitted,

By: */s/ Robert W. Zimmerman*
Robert W. Zimmerman
**SALTZ MONGELUZZI BENDESKY**
PA Bar. No:
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215)-575-3898
Fax: (215)-496-0999
Email: rzimmerman@smbb.com

-AND-

Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com